IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-00657-RPM

SHIRLEY BALLARD,
STEVEN DOMINGUEZ,
MARTIN GARCIA,
KEITH HARDIN,
STEVEN TRUJILLO,
MARGIE McGRAW, and
CONSTANCE WASHINGTON,

    Plaintiffs,

v.

UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 7,

    Defendant.
_____

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

  The defendant United Food and Commercial Workers Union Local 7 ("Local 7")

filed a motion for summary judgment, seeking dismissal of the plaintiffs' claims for

payment of overtime under the Fair Labor Standards Act ("FLSA") on the ground that

they are within the exemption for administrative employees under 29 U.S.C. §

213(a)(1).  The applicable regulation, 29 C.F.R. § 541.200 provides a three-part

definition of an "employee employed in a bona fide administrative capacity."  The

parties agree that the first and second parts of the definition are met.  What is in

dispute is whether Union Representatives are employees "whose primary duty includes

the exercise of discretion and independent judgment with respect to matters of

significance."  There is no job description outlining the duties of Union Representatives

for Local 7 and the parties have submitted deposition excerpts, exhibits and declarations in support of their respective arguments.

There is general agreement that the Union Representatives of Local 7 primarily function to establish the Union's presence with the employers and the workers represented by Local 7 under collective bargaining agreements in grocery stores and health care facilities.  They are required to work a minimum of 45 hours per week and conduct on-site visits for a minimum of 18 hours each week to assigned stores, including mandated nights and weekends.  While the Union Representatives set their own schedules, they must maintain detailed daily time records, known as "Ins/Outs" which the Union's management reviews regularly.  Union Representatives are assisted by Union Stewards.  The stewards are not employed by Local 7 and while the Union Representative may appoint a steward, removal requires approval.  Union Representatives may also select "deputy secretaries" to assist in performing some duties within the store for such special projects as strike lines or boycotts.

The Union Representatives must perform political duties as assigned.  They have a limited role in the employee grievance process but they have no discretion with respect to pursuing an employee grievance.  They may settle the grievance at a "Step 2" meeting but those settlements are not precedent setting.  The Union Representative may represent an employee before the Executive Grievance Committee which determines whether to go forward to arbitration.  The parties dispute what activities the Union Representative may pursue in connection with arbitration proceedings.

The plaintiffs have submitted many examples of specific instructions given to

2

them in the form of inter-office memoranda from their supervisors.  It also appears that there are some differences among Union Representatives with respect to how much of their activities are as a result of their own initiative and how much is performed according to these directions.  It is sufficient to say that there are factual disputes requiring trial and jury findings to determine whether the work as performed by these plaintiffs meets the third prong of the regulatory definition.  It is also unclear whether the plaintiffs are seeking overtime for the time they may have spent in such voluntary positions as serving on the Executive Grievance Committee or the Executive Board.  It is therefore

ORDERED that the defendant's motion for summary judgment is denied.

DATED: February 27, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

4